[Crim. No. 14010.   Second Dist., Div. Two.   July 16, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. PHILLIP EMILE LEFER, Defendant and Appellant.

---

* Assigned by the Chairman of the Judicial Council.

Donald F. Roeschke, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Dannie H. Spence, Deputy Attorney General, for Plaintiff and Respondent.

ROTH, P. J.—Appellant was, by the court, found guilty of robbery in the first degree and sentenced to imprisonment in the state prison for the term prescribed by law. This appeal is from the judgment and sentence.

The transcript of the preliminary hearing by proper stipulation together with additional testimony of appellant and his partner in crime, was the basis of the trial.

Ollie Barksdale was host at a party in his home on January 7, 1967. Guests were playing cards and generally socializing. At approximately 9 p.m. appellant and one Harvell Lewis, who was tried separately from appellant, armed with concealed pistols, gained entry to Mr. Barksdale's home. Mr. Barksdale did not know Lewis and asked who he was looking for. Lewis responded, "We're just looking for some action." Mr. Barksdale informed him that there was no action there. Lewis responded by pulling out a pistol. While Lewis was holding the guests at gunpoint, appellant, standing at the front door with his pistol drawn, pushed Mr. King Duffy, a guest, against a wall, extended a paper sack to him and said, "Old man, get the money." After the money was collected and given to Lewis, appellant and Lewis fled together from the residence.

Lewis testified that he had gone to Mr. Barksdale's home to gamble, that he caught Barksdale cheating and demanded a return of his money, that when it was not returned he drew the pistol for his protection, and collected only the money which he had brought with him. Appellant testified that he had been watching television in another room, and hearing a commotion, he looked in the cardroom, saw Lewis flash his pistol, became frightened, and when someone grabbed his arm, he pulled out his pistol.

Appellant appeared at the preliminary hearing without counsel and was granted a continuance to employ counsel.

Approximately one week later, appellant appeared with

counsel who had been appointed for him. Appellant requested a second continuance to afford him time to earn enough money on his job to be able to hire and pay a lawyer of his choice.[1] The motion was denied, the public defender was directed to remain as counsel for appellant. Counsel was being prepared. The witnesses were in attendance, the hearing was had.

Appellant asserts as his sole ground for reversal that denial of a continuance of the preliminary hearing to enable him to earn enough to hire an attorney of his own choosing was error. He relies on *People* v. *Crovedi,* 65 Cal.2d 199, 207 [53 Cal.Rptr. 284, 417 P.2d 868]. In *Crovedi, supra,* the court says at page 207 : '' [T]hough it is clear that defendant has no *absolute* right to be represented by a particular attorney, still the courts should make all reasonable efforts to ensure that a defendant financially able to retain an attorney of his own choosing can be represented by that attorney.''

Appellant apparently seeks to extend the doctrine of *Crovedi* to one who represents that he can earn money to hire independent counsel of his choice.

The short common sense answer to that contention, however, is that if appellant's representation is good enough to make to a court, it should be persuasive enough to induce counsel of appellant's choice to act thereupon.

The condition of being ''financially able'' for the purposes of employing counsel of choice must be limited to exclude those who cannot hire the services of chosen counsel at the time of the proceedings against him. To hold otherwise would be to encourage frivolous and unjustified delay in and misuse of the trial process. Further, we do not think that *Crovedi* accommodates such an interpretation. The right to counsel, even counsel of one's choice, is to promote a just and prompt administration of the law, not to thwart it. Any interpretation authorizing continuances because of whim or alleged personal satisfaction of defendant rather than by the judgment of the court would prostitute the recognized right to counsel into a convenient tactic for delay. (See *People* v. *Shaw,* 46 Cal.App.2d 768, 774 [117 P.2d 34] ; *People* v. *Powers,* 256 Cal.App.2d 904, 914-915 [64 Cal.Rptr. 450].)

There is no showing that appellant was not adequately rep-

---

[1] ''THE COURT: Mr. Lefer, why do you not wish to be represented by the Public Defender?

''DEFENDANT LEFER: Well, I made bail Friday evening and I haven't had time on my job to make enough money to obtain a lawyer, which I would like to do. . . .

resented by competent counsel. (See *People* v. *Wheeler,* 260 Cal.App.2d 522, 526 [67 Cal.Rptr. 246].)

Appellant finally contends that a verdict against him of armed robbery and a finding in the judgment that he was armed with a deadly weapon at the commission of the offense (Pen. Code, § 12022) constitutes double punishment in violation of Penal Code, section 654. The Attorney General concedes that the finding constitutes double punishment.

Since there was no evidence of torture the court would have to find that appellant was armed in order to convict him of robbery in the first degree. (Pen. Code, § 211a). Being armed with a deadly weapon, therefore, was an element of the offense. Penal Code, section 654 proscribes punishment for the same act under more than one provision of the Penal Code. Since appellant is being punished under section 211a for robbery in the first degree, to apply the statutorily increased penalty in Penal Code, section 12022 providing for increased punishment for being armed with a deadly weapon at the time of the commission of the offense, to him would constitute punishment under different provisions for the same act.

The judgment will be modified by striking therefrom the finding that appellant was armed with a deadly weapon within the meaning of Penal Code section 12022 at the time of the commission of the offense charged.

The judgment is affirmed, as modified.

Fleming, J., and Nutter, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.