[No. B194821. Second Dist., Div. Four. Apr. 24, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
SHAHEN EGHIA KESHISHIAN, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION***]**

___

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of the Factual and Procedural Background and Discussion parts B. through E.

## COUNSEL

Fitzmaurice, Demergian & Palaganas and David K. Demergian for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Steven D. Matthews and David F. Glassman, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MANELLA, J.**—Appellant Shahen Eghia Keshishian was charged in a three-count information with murder (Pen. Code, § 187, subd. (a);[1] count one), vehicular manslaughter (§ 192, subd. (c)(1); count two), and leaving the scene of an accident (Veh. Code, § 20001, subd. (a); count three). After a jury trial, appellant was found guilty of all three charges. In the published portion of this opinion, we address appellant's contention that his request to discharge retained counsel was erroneously denied. In the unpublished portion, we address his substantive contentions concerning the conduct of the trial and the verdict.

### FACTUAL AND PROCEDURAL BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISCUSSION

#### A. *Request to Discharge Retained Counsel*

On the day the matter was called for trial, appellant requested permission to address the court and stated: "Your Honor. I'm facing trial. I'm being

---

[1] Unless otherwise indicated, statutory references are to the Penal Code.

*See footnote, *ante*, page 425.

charged with murder, and I was—I've lost confidence pretty much in my attorneys. I'm really looking for another trial attorney—to hire an attorney for trial. I would ask the court . . . if I can please get a continuance to hire some other lawyers, please." The court initially responded: "Well, I'm very surprised to hear that, Mr. Keshishian. You have some of the best attorneys in all of Southern California that you went out and hired. I mean, I don't know who you're going to look for if you already have two of the best attorneys in Southern California. Like, you want a miracle? . . . [¶] I know you're facing a very serious charge here, and I know you're kind of, like they say, there's the expression between a rock and a hard spot. You don't have good choices, but just changing your attorney is not going to change the charges, and it will not change the evidence, and it will not change your choices." Appellant replied: "I understand that. I would ask for the court to please grant me some time."

The court determined that the case had been pending for two and a half years, after numerous defense requests for continuances had been granted. The prosecution vigorously opposed a further continuance, citing the passage of time since the incident, the age of the case and problems with witnesses.[10] The court denied the request. Appellant contends the court's denial represented reversible error.

■ "The right of a nonindigent criminal defendant to discharge his retained attorney, with or without cause, has long been recognized in this state [citations] . . . ." (*People v. Ortiz* (1990) 51 Cal.3d 975, 983 [275 Cal.Rptr. 191, 800 P.2d 547].) While a defendant may discharge appointed counsel only if that lawyer is rendering inadequate representation or there exists an irreconcilable conflict between counsel and client (see *People v. Marsden* (1970) 2 Cal.3d 118, 123 [84 Cal.Rptr. 156, 465 P.2d 44]), he or she may discharge retained counsel for any reason. (*People v. Ortiz, supra,* at p. 984.) The right to discharge retained counsel is not, however, absolute. The trial court may deny a request to discharge retained counsel "if discharge will result in 'significant prejudice' to the defendant [citation], or if it is not timely, i.e., if it will result in 'disruption of the orderly processes of justice' [citations]." (*Id.* at p. 983, quoting *People v. Gzikowski* (1982) 32 Cal.3d 580, 587 [186 Cal.Rptr. 339, 651 P.2d 1145].) "[T]he 'fair opportunity' to secure counsel of choice provided by the Sixth Amendment 'is necessarily [limited by] the countervailing state interest against which the sixth amendment right provides explicit protection: the interest in proceeding with prosecutions on an orderly and expeditious basis, taking into account the practical difficulties of "assembling the witnesses, lawyers, and jurors at the same place at the same time." ' " (*People v. Marsden,* at pp. 983–984, quoting *Sampley v. Attorney General of North Carolina* (4th Cir. 1986) 786 F.2d 610, 613.)

---

[10] The crime itself occurred in 2000, six years earlier. Appellant fled to Armenia and was not returned to the United States until 2004.

■ Because the right to discharge retained counsel is broader than the right to discharge appointed counsel, a *Marsden*-type hearing at which the court determines whether counsel is providing adequate representation or is tangled in irreconcilable differences with the defendant is " '[an] inappropriate vehicle in which to consider [the defendant's] complaints against his retained counsel.' " (*People v. Hernandez* (2006) 139 Cal.App.4th 101, 108 [42 Cal.Rptr.3d 513], quoting *People v. Lara* (2001) 86 Cal.App.4th 139, 155 [103 Cal.Rptr.2d 201].) Instead, under the applicable test for retained counsel, the court should "balance the defendant's interest in new counsel against the disruption, if any, flowing from the substitution." (*People v. Lara, supra,* 86 Cal.App.4th at p. 153.) In so doing, the court "must exercise its discretion reasonably: 'a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality.' " (*People v. Ortiz, supra,* at p. 984, quoting *People v. Crovedi* (1966) 65 Cal.2d 199, 207 [53 Cal.Rptr. 284, 417 P.2d 868].)

■ The court here applied the correct standard in rejecting appellant's last-minute attempt to discharge counsel and delay the start of trial. Appellant asked for and was given an opportunity to address the court concerning his desire to discharge counsel and his reasons for doing so. He stated only that he had "lost confidence" in his attorneys. This request was made on the day set for trial after the case had been pending for two and a half years. An indefinite continuance would have been necessary, as appellant had neither identified nor retained new counsel. Witnesses whose appearances had already been scheduled would have been further inconvenienced by an indefinite delay. " 'The right to counsel cannot mean that a defendant may continually delay his day of judgment by discharging prior counsel,' " and the court is within its discretion to deny a last-minute motion for continuance to secure new counsel. (*People v. Rhines* (1982) 131 Cal.App.3d 498, 506 [182 Cal.Rptr. 478], quoting *People v. Kaiser* (1980) 113 Cal.App.3d 754, 761 [170 Cal.Rptr. 62].) That appellant had inexplicably "lost confidence" in his experienced and fully prepared counsel did not constitute good cause for granting the continuance requested, nor justify the disruption to the judicial process that would have ensued. The trial court did not err in denying the request.

B.–E.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante,* page 425.

## DISPOSITION

The judgment is affirmed.

Epstein, P. J., and Suzukawa, J., concurred.

Appellant's petition for review by the Supreme Court was denied July 23, 2008, S164122.