Filed 5/29/13  P. v. Erazo CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G047606 |
| v. | (Super. Ct. No. 10NF1209) |
| VICTOR ALEJANDRO ERAZO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Lance Jensen, Judge.  Affirmed.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Defendant Victor Alejandro Erazo filed a notice of appeal. His appointed counsel filed a brief setting forth a statement of the case, but advised this court he found no issues to support an appeal. We provided Erazo 30 days to file his own written argument, but he has not responded. After conducting an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

FACTS

In *People v. Erazo* (May 18, 2012, G045542 [nonpub. opn.]), we conditionally reversed the judgment after the jury convicted Erazo of committing forcible and nonforcible lewd acts on a child under age 14 (Pen. Code, § 288, subd. (b)(1); § 288, subd. (a)). We accepted the Attorney General's concession, and agreed with Erazo, the trial court applied the wrong legal standard in denying Erazo's request to discharge retained counsel. We directed the trial court "to conduct a hearing at which the court shall determine Erazo's May 12, 2011, request to discharge retained counsel in the light of the standard articulated in [*People v. Ortiz* (1990) 51 Cal.3d 975 (*Ortiz*)] and related cases. If the court determines Erazo was entitled to discharge counsel, the court shall set the case for retrial. If the court determines Erazo was not entitled to discharge counsel, the court shall reinstate the judgment."

The trial court conducted the hearing on November 2, 2012. The trial court explained events that existed on the date of Erazo's request: "Both counsel answered ready for this trial on May 11[, 2011] in Department C5. Shortly, and by that I mean by an hour, hour and a half thereafter, they appeared in my courtroom, W9, . . . to commence the beginning of the trial. [¶] The People filed their trial brief, 402 motions, witness list and jury instructions. [¶] The court conferred with counsel in chambers regarding 402 issues and discussion of how this court conducts its trials. [¶] The court then went on the record and dealt with the defendant's first request for an interpreter. The court also heard argument on 402 motions on a variety of topics, including identification of the victim, victim's support person, admissibility of defendant's affair with another woman at the

2

time of the offense, defense concerns on the People's use of phone calls of the defendant's family members, C.A.S.T. interview redactions and the scheduling of testimony regarding the admissibility of the defendant's statements."

The next day, May 12, the court "met briefly with counsel in chambers regarding scheduling and once again the defendant's use of an interpreter. [¶] . . . The court subsequently went on the record and provided the defendant with an interpreter at 9:30 a.m. After having a further discussion with the defendant in court regarding the role of the interpreter, . . . [¶] . . . [t]he defendant indicated ["]Yes, I actually – I would like to request to get a public defender.["] The court then conducted a hearing (relying erroneously as it turned out on *People v. Marsden* (1970) 2 Cal.3d 118), and gave Erazo an opportunity to speak and explain his reasons for discharging retained counsel in favor of the public defender.

The trial court, applying the *Ortiz* standard to the record as it existed on May 12, 2011, concluded Erazo's "request [to discharge retained counsel] was not timely and would have resulted in the . . . disruption of the orderly processes of justice." The court stated it had "balanced the defendant's interest in new counsel against the interest in proceeding with the prosecution in an orderly and expeditious basis, taking into account among many things, the amount of time that had been spent addressing pretrial 402 motions and the practical difficulties of assembling witnesses whose appearances had already been scheduled, lawyers and jurors at the same place at the same time. [¶] An indefinite continuance would have been necessary for new counsel to get up to speed on the matter. Such a disruption would have been unreasonable under the circumstances of the case. Court finds that the defendant's reasons for seeking new counsel and the last-minute attempt to discharge counsel and appoint the public defender did not constitute good cause." The prosecutor advised "both the victim and the other civilian witness were flown out from out of state prior to us starting those 402[']s. So we had already paid for

3

round-trip tickets.  Victim flew out from New York City.  Our other witness flew out from Texas."  The court noted "people were lined up and ready to go."

POTENTIAL ISSUES

Erazo's appellate lawyer identifies two potential issues for our consideration:  "(1) Did the trial court, on remand, properly apply the [*Ortiz*] standard for discharge of retained counsel; [and] (2) Did the trial court abuse its discretion when it denied [Erazo's] request to discharge his retained counsel, finding that the request was untimely and would have been disruptive of the proceedings?"

As we noted in our earlier opinion, the right to discharge retained counsel is not absolute and the trial court may reject a motion to relieve retained counsel "if it is not timely, i.e., if it will result in 'disruption of the orderly processes of justice' [citations]." (*Ortiz, supra,* 51 Cal.3d at p. 983.)  In *People v. Keshishian* (2008) 162 Cal.App.4th 425, the appellate court held the trial court did not abuse its discretion in denying a defendant's request to discharge retained counsel made on the day of trial where the defendant stated he had "'lost confidence'" in retained counsel.  "The court here applied the correct standard in rejecting appellant's last-minute attempt to discharge counsel and delay the start of trial.  Appellant asked for and was given an opportunity to address the court concerning his desire to discharge counsel and his reasons for doing so. . . .  This request was made on the day set for trial after the case had been pending for two and a half years.  An indefinite continuance would have been necessary, as appellant neither identified nor retained new counsel.  Witnesses whose appearances had already been scheduled would have been further inconvenienced by an indefinite delay." (*Id.* at p. 429.)

Here, the court correctly applied *Ortiz* by balancing Erazo's reasons for new counsel, expressed at the earlier hearing during the trial, against the disruption flowing from substitution.  (*People v. Lara* (2001) 86 Cal.App.4th 139, 153.)  As the trial court noted, trial had commenced and witnesses, including those flown in from out-of-

4

state, "were lined up and ready to go." Granting Erazo's request to discharge counsel would have necessitated a continuance of unknown duration to allow the public defender or other counsel to get up to speed, thereby impairing efficient judicial administration. The court did not abuse its discretion in denying Erazo's request to discharge retained counsel.

We have reviewed the record and discern no other potential or arguable issues.

DISPOSITION

The judgment is affirmed.


ARONSON, J.

WE CONCUR:


O'LEARY, P. J.


FYBEL, J.

5