Filed 3/26/14  P. v. Lyon CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

**THE PEOPLE,**

    **Plaintiff and Respondent,**　　　　　　　　A137363

    **v.**　　　　　　　　　　　　　　　　**(San Mateo County
　　　　　　　　　　　　　　　　　　Super. Ct. No. SC075135A)**

**AUDLEY BARRINGTON LYON, JR.,**

    **Defendant and Appellant.**
_____/

    The trial court denied appellant Audley Barrington Lyon, Jr.'s, request to discharge retained counsel and the jury convicted him of possession of cocaine base for sale (Health & Saf. Code, § 11351.5).[1]  On appeal, appellant contends the court erred by denying his request.  He claims the court "failed to properly consider all factors relevant to [his] request to discharge retained counsel" and that his request was "reasonable under the facts of this case."

    We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

    Law enforcement officers executed a search warrant at appellant's residence in late October 2011 and found 19.31 grams of cocaine base, "two digital scales, cell

_____

[1]    Unless otherwise noted, all further statutory references are to the Health and Safety Code.

1

phones, and $170.00 in multiple denominations." In November 2011, the People charged appellant with possession of cocaine base for sale (§ 11351.5) and alleged various sentencing enhancements (Pen. Code, § 1203, subd. (e)(4), § 11370, subd. (a)). Retained counsel represented appellant at the preliminary hearing in February 2012, where the court held him to answer the charge. Appellant was arraigned in mid February 2012 and the court set a May 2012 trial date. In early May 2012, retained counsel moved to suppress but later withdrew the motion, citing "problems with our witness." The court continued trial from May to August 2012 and then again to October 15, 2012. In early October, the court denied retained counsel's motion to disclose the identity of a confidential informant.

On October 15, 2012, the case was assigned to a courtroom for trial. The next day, the prosecutor filed in limine motions and a proposed witness list. The court informed the parties trial could not begin until the next day because the court was "still in evidence" on another trial but denied retained counsel's request to continue trial "until November[.]" On October 17, 2012, the parties discussed the prosecution's plea offer. When the court asked appellant whether he understood the offer, appellant stated he did not accept the plea agreement and said, "I would like to request a new attorney because I'm unable to afford this one at this time and he's here for this portion of the proceedings, your Honor."

The court explained, "[t]here's no plea agreement unless you actually enter a plea" and the following exchange occurred:

"THE DEFENDANT: But on my request for a new attorney—

"THE COURT: Well, you—as I understand, you hired your attorney so . . . that is your attorney.

"THE DEFENDANT: I'm unable to afford him for this portion of the proceedings, your Honor.

"THE COURT: Well, he is your attorney and that's where we are. So—and he isn't making a motion to withdraw.

. . .

2

"THE DEFENDANT: I don't have the right to fire and hire my—

"THE COURT: Sure, you can hire another attorney. We're here at trial so it's kind of late in the day to do that.

"THE DEFENDANT: Unless I find just cause.

"THE COURT: Well, that's not exactly the—you're not making a motion to withdraw, are you?

"[RETAINED COUNSEL]: Your Honor, I'm not going to do that to the Court. I understand—you know, I'm here.

"THE COURT: Okay. So that's where we are, so—

"[RETAINED COUNSEL]: Your Honor, there are some different opinions about this case between my client and I. He wants to fire me. If the Court allows that, I'm not going to object, but I'm not going to seek to withdraw because I'm not getting paid.

"THE COURT: Understood. We don't do that on the day of trial, obviously.

"[RETAINED COUNSEL]: Yeah.

"THE COURT: I understand Mr. Lyon wants to hire another attorney. If he had another attorney here and ready to go, that would be one thing, but I don't think that's the case.

"THE DEFENDANT: I've been trying to request this for—before we end up to this stage. . . . I requested a new attorney for like a month or two ago actually.

"THE COURT: I don't see any notes for that.

"THE DEFENDANT: There wasn't any because I relied on my attorney to do so, your Honor.

"THE COURT: Well, there would be a note of that, Mr. Lyon, and I'm not seeing anything in here.

"THE DEFENDANT: This is the only time I had a chance to voice my opinion, your Honor, or get a chance to voice anything, your Honor.

"THE COURT: No, that would appear in the notes here, Mr. Lyon. That would be in the Court notes if you had asked the Court at some point to have some time to hire an attorney. But here we are on the day of trial. This matter has been going on . . .

3

"[RETAINED COUNSEL]: A year.

"THE COURT: A year?

"[Prosecutor]: Yeah.

"THE COURT: There we are."

Later that morning, appellant rejected the plea offer and the court heard in limine motions. When given a chance to speak, appellant insisted the search warrant be litigated at trial and claimed the affidavit in support of the search warrant lacked probable cause. The court explained the search warrant was not an issue for the jury. Just before the court called the prospective jury panel, appellant asked to "say something[.]" He said, "I have just cause why I need a new attorney" and the following discussion occurred:

"THE COURT: We have been down that road before.

"THE DEFENDANT: But I didn't have the paperwork with me right now, Your Honor, for you to look at. . . . If you notice on the paperwork, Your Honor, those are letters from my attorney with dates of changing court dates, Your Honor. There is one that is dated for the 25th of October, which I have no court date on that date, and I feel like my lawyer is being sabotaging me [*sic*] because if I miss the court date on the 15th to show up on the 25th I would be more than likely be in handcuffs on the other side with a warrant for my arrest. . . . I feel like I have been sabotaged. He said he had 48 hours to address the issue about the house beating. He did no search thing [*sic*] until today when I have no option—I have no chance of introducing the evidence, Your Honor. This—it— there is that and the tapes as well and everything else I brought to attention, which he failed to bring to the Court's attention, Your Honor.

"THE COURT: Okay. Mr. Lyon, you don't have a court appointed attorney. You have hired your attorney. And as we have discussed earlier today, this case has been pending. I think [the prosecutor] and your attorney agreed it has been pending about a year. . . . And I don't know anything about these dates. Frequently dates are vacated. But one of these dates goes back to August and I don't know—

"THE DEFENDANT: That was the one that went back to August. It was a motion to suppress hearing, which my lawyer didn't follow through with either.

4

"THE COURT: He said it was vacated. I see that that was also a jury trial date, which I presume was continued. Then it was set for October 15th as we know earlier this week. . . . So, I don't know really—

"THE DEFENDANT: Because if I didn't come to court to find out my exact court date, I would have missed the one for the 15th, which was Monday.

"THE COURT: Again, Mr. Lyon, it isn't really relevant to what we are talking about here. So—

"THE DEFENDANT: The process I have been going through hasn't been fair, Your Honor. I haven't been able to express the other side of the case. It's going to show to jury [*sic*] like it is poisonous fruit like it's going to be one sided, Your Honor.

"THE COURT: I don't know what you mean. In terms of poisonous fruit has to do with other issues that are not—

"THE DEFENDANT: Because I am unable to bring the other side of the case, such as police conduct under-handed this whole entire search and search warrant and everything, Your Honor. I haven't got a chance to bring that effort and my lawyer had a chance on numerous occasions and still did not do it.

"THE COURT: We talked about that earlier. . . ." The court advised appellant not to disrupt the courtroom in front of prospective jurors. The parties completed jury selection on October 18, 2012, and the prosecution began calling witnesses.

During trial, appellant admitted the prior conviction allegations and the jury found him guilty of possessing cocaine base for sale (§ 11351.5). The court sentenced appellant to three years in county jail (Pen. Code, § 1170, subd. (h)), suspended one year of that sentence, and ordered him placed on supervised release during that time.

DISCUSSION

Appellant's sole contention on appeal is the court erred by denying his request to discharge retained counsel. "[A] defendant may discharge his retained counsel . . . at any time with or without cause." (*People v. Lara* (2001) 86 Cal.App.4th 139, 152 (*Lara*).) "The right to discharge retained counsel is not, however, absolute. The trial court may deny a request to discharge retained counsel 'if discharge will result in 'significant

5

prejudice' to the defendant [citation], or if it is not timely, i.e., if it will result in "disruption of the orderly processes of justice" [citations].' [Citations.] '[T]he "fair opportunity" to secure counsel of choice provided by the Sixth Amendment "is necessarily [limited by] the countervailing state interest against which the [S]ixth amendment right provides explicit protection: the interest in proceeding with prosecutions on an orderly and expeditious basis, taking into account the practical difficulties of 'assembling the witnesses, lawyers, and jurors at the same place at the same time.'"' [Citations.]" (*People v. Keshishian* (2008) 162 Cal.App.4th 425, 428 (*Keshishian*).)

To determine whether to discharge retained counsel, the trial "court should 'balance the defendant's interest in new counsel against the disruption, if any, flowing from the substitution.' [Citation.] In so doing, the court 'must exercise its discretion reasonably: "a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality."' [Citations.]" (*Keshishian, supra,* 162 Cal.App.4th at p. 429.) We review the court's denial of a motion to discharge retained counsel for abuse of discretion. (*People v. Ortiz* (1990) 51 Cal.3d 975, 983-984.)

Numerous courts have held a request to discharge appointed counsel is untimely when made on the first day of trial. (*Keshishian, supra,* 162 Cal.App.4th at p. 429 [request to discharge appointed counsel untimely when "made on the day set for trial after the case had been pending for two and a half years"]; *People v. Hernandez* (2006) 139 Cal.App.4th 101, 109 [request properly denied where made "almost immediately before jury selection was to begin"]; *People v. Turner* (1992) 7 Cal.App.4th 913, 919 (*Turner*) [request made on the day of trial was untimely]; *People v. Lau* (1986) 177 Cal.App.3d 473, 479 [request untimely when made "the moment jury selection was to begin"]; see also *People v. Maciel* (2013) 57 Cal.4th 482, 512-513 [request properly denied when trial was "imminent" and where the defendant "had no substitute counsel in mind"].) It is well settled "'[t]he right to counsel cannot mean that a defendant may

6

continually delay his day of judgment by discharging prior counsel[.]'" (*Keshishian, supra,* 162 Cal.App.4th at p. 429.)

Here, the court did not abuse its discretion by concluding appellant's request to discharge retained counsel was untimely. Appellant made his request: (1) months after he had been arraigned; (2) days after the case had been assigned to a courtroom for trial; (3) on the first day of trial, after he rejected the plea bargain and the court had heard in limine motions; and (4) shortly before the court called the jury panel into the courtroom. Had the court granted appellant's request, "[a]n indefinite continuance would have been necessary, as appellant had neither identified nor retained new counsel." (*Keshishian, supra,* 162 Cal.App.4th at p. 429.) As appellant concedes, witnesses whose appearances had already been scheduled would likely have been inconvenienced by a delay. (*Ibid.*) That appellant had lost confidence in his attorney did not constitute good cause for granting a continuance where the resulting delay would have disrupted the judicial process.[2] (*Ibid.*)

Appellant claims the court "failed to properly consider all factors relevant to [his] request to discharge retained counsel" and seems to suggest the court was required to state the factors it considered on the record before denying his request. We disagree. The court is not required "to make a finding that the requested substitution would disrupt the judicial process." (*Turner, supra,* 7 Cal.App.4th at p. 919, fn. 8.) Moreover, as the reviewing court, we imply all findings reasonably supported by the record supporting the trial court's ruling. (*People v. Mosley* (1997) 53 Cal.App.4th 489, 496.) Here, the record

---

[2] Appellant's reliance on *Lara, supra,* 86 Cal.App.4th 139 and *People v. Munoz* (2006) 138 Cal.App.4th 860 (*Munoz*) is unavailing. In *Lara*, while the defendant made his request on the first day of trial, the *Lara* court concluded he "informed the court of his concerns at the first possible opportunity." (*Lara, supra,* 86 Cal.App.4th at p. 163.) Here, and in contrast to *Lara*, appellant did not inform the court of his desire to discharge retained counsel at the earliest possible opportunity. Appellant's main concern was the search warrant was improper, yet he waited several months after retained counsel withdrew the suppression motion to inform the court of his concerns. In *Munoz*, the request to discharge retained counsel occurred postconviction, after the jury had been discharged, when there was less urgency in the court proceedings. Here, the court had heard in limine motions and was ready to call a jury panel into the courtroom.

supports an inference the court evaluated appellant's reasons for wanting to discharge appointed counsel and balanced those reasons with the disruption flowing from substituting new counsel. Finally, we presume the trial judge knew and applied the correct legal standards. (*People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527.)

The denial of appellant's request to discharge retained counsel was not an abuse of discretion.

## DISPOSITION

The judgment is affirmed.

_____

Jones, P.J.

We concur:

_____

Simons, J.

_____

Bruiniers, J.

8