Filed 8/23/16  P. v. Nevarez CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RUDY NEVAREZ, JR.,<br><br>    Defendant and Appellant. | B265084<br><br>(Los Angeles County<br>Super. Ct. No. KA106822) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Juan Carlos Dominguez, Judge.  Affirmed as modified.

        Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

        Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle and Russell A. Lehman, Deputy Attorneys General, for Plaintiff and Respondent.

                        _____

Rudy Nevarez, Jr. appeals from the judgment entered following his conviction by a jury of robbery and two related offenses, contending the trial court violated his Sixth Amendment right to counsel of his choice by denying his request for a continuance to retain private counsel and his later motion, made during jury selection, to substitute new counsel. We modify the judgment to correct an error in the calculation of presentence custody credits and, as modified, affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Information*

An information charged Nevarez with second degree robbery (Pen. Code, § 211) (count 1),[1] felony evading officers with willful disregard for the safety of persons and property (Veh. Code, § 2800.2, subd. (a)) (count 2), misdemeanor resisting, obstructing or delaying a peace officer (§ 148, subd. (a)(1)) (count 5) and making a criminal threat (§ 422, subd. (a)) (count 6).[2] It was specially alleged Nevarez had suffered a prior serious felony conviction within the meaning of section 667, subdivision (a)(1), and the three strikes law (§§ 667, subds. (b)-(j); 1170.12) and had served two separate prior prison terms for felonies (§ 667.5, subd. (b)). Nevarez pleaded not guilty and denied the special allegations.

2. *The Denial of Nevarez's First Request for a Continuance To Obtain Private Counsel*

Nevarez, represented by appointed counsel, was held to answer at a preliminary hearing on August 29, 2014. The information was filed, and Nevarez arraigned, on September 12, 2014. Trial was set for October 30, 2014 with no time waiver. At the next hearing, a status/readiness conference on October 28, 2014, two days before the scheduled start of trial, the prosecutor reported ready for trial. At Nevarez's request his court-appointed counsel, Reema Khan, asked the court for a two-week continuance to

---

[1] Statutory references are to this code unless otherwise stated.

[2] Two additional misdemeanor counts relating to child endangerment were included in the information but dismissed prior to trial.

allow Nevarez to retain and substitute in private counsel. Khan explained Nevarez had informed her about two and a half weeks earlier that he wanted to hire the law firm of Halpern and Halpern, which had previously represented him. Khan told the trial court she had advised Nevarez he would need to retain the Halpern firm by October 14, 2014 for it to timely substitute in for trial. Khan said she had contacted H. Russell Halpern a week earlier and was told he had not been retained. Khan stated she had offered the Halpern firm a copy of the discovery so new counsel could begin to prepare; the offer was declined. Finally, Khan said Nevarez had told her that morning his family had been able to raise money over the weekend to pay Halpern. Khan added she was now unsure whether he still qualified for public defender services.

The trial court asked Khan if she was otherwise ready to proceed to trial; Khan responded she was. The trial court then concluded there was "not good cause to continue the matter. Both sides are ready . . . . The private counsel [has] not been retained up until this time and we have received no calls." The court stated that it sounded like Nevarez's family was providing the money for him, so he was still indigent (and thus entitled to appointed counsel). Nevarez interjected, "No it's my money. That's why I was selling my truck." The trial court restated, "I've denied your motion. I'm not going to continue a case that both sides are ready on in hopes that you've sold a truck and you're going to hire private counsel now. It's set for trial. It's not good cause to continue."[3]

---

[3] After his request for a continuance was denied, Nevarez sought to replace Khan under *People v. Marsden* (1970) 2 Cal.3d 118. The *Marsden* motion was denied following a closed hearing at which the court questioned Nevarez concerning the reasons he wanted new counsel. During the hearing Nevarez stated, although he still wanted to retain private counsel, he did not want to waive his right to a speedy trial.

3. *The Denial of Nevarez's Motion To Substitute Privately Retained Counsel and Second Request for a Continuance*

Voir dire began two days later, Thursday, October 30, 2014. The following Monday, after the second day of voir dire had already begun, Halpern attended court and asked to substitute in as Nevarez's counsel. Halpern stated his retainer had been paid on Saturday, November 1, 2014.[4] The trial court asked Halpern, "I suspect you are not ready to proceed?" Halpern confirmed, "I would not be ready to proceed." The trial court denied Nevarez's motion to substitute Halpern as counsel, stating, "We are picking a jury. This is the second day."

4. *The Trial, Verdict and Sentencing*

According to the evidence presented at trial, on the afternoon of July 28, 2014 Nevarez stole a camera from a department store in West Covina, threatened to shoot the store's security officer and fled the scene in his truck. A high speed chase by police ensued. After damaging his truck, Nevarez continued on foot. He was discovered in a detached garage behind a home, where police subdued and arrested him.

Nevarez testified at trial. He admitted stealing the camera and fleeing the police, but denied threatening the security guard.

The jury found Nevarez guilty of robbery, felony evading an officer and misdemeanor resisting an officer and not guilty of making a criminal threat. In a bifurcated proceeding Nevarez admitted the prior conviction and prison-term special allegations. Nevarez was sentenced to an aggregate state prison term of 16 years four months and awarded 573 days of presentence custody credit, 287 days of actual custody credit and 286 days of conduct credit.

---

[4] At a chambers conference to discuss the motion to substitute Halpern as counsel for Nevarez, Halpern explained he had been late to court because he had to find someone to care for his wife, who had just been released from the hospital. He also told the court he had advised Nevarez's family that "it's probably too late, but I would come down and see what was happening with this case. Possibly, if I wasn't allowed to come in, I could handle sentencing, if he was convicted."

4

**DISCUSSION**

1. *Governing Law and Standard of Review*

A criminal defendant is entitled to assistance of counsel at all critical stages of the proceedings. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15.) The defendant's Sixth Amendment right to counsel generally includes the right of a defendant who does not require appointed counsel to choose who will represent him or her. (*United States v. Gonzalez-Lopez* (2006) 548 U.S. 140, 144 [126 S.Ct. 2557, 165 L.Ed.2d 409]; *People v. Ramirez* (2006) 39 Cal.4th 398, 419; *People v. Gzikowski* (1982) 32 Cal.3d 580, 587.) "Underlying this right is the premise that 'chosen representation is the preferred representation. Defendant's confidence in his lawyer is vital to his defense. His right to decide for himself who best can conduct the case must be respected wherever feasible.'" (*People v. Courts* (1985) 37 Cal.3d 784, 789-790 (*Courts*).)

Although "[a]ny limitations on the right to counsel of one's choosing are carefully circumscribed" (*Courts*, *supra*, 37 Cal.3d at p. 790), the right is not absolute. (*People v. Rhines* (1982) 131 Cal.App.3d 498, 506.) "The state should keep to a 'necessary minimum its interference with the individual's desire to defend himself in whatever manner he deems best, using any legitimate means within his resources.'" (*People v. Ortiz* (1990) 51 Cal.3d 975, 982; accord, *People v. Crovedi* (1966) 65 Cal.2d 199, 208.) The Supreme Court has cautioned that the right to retained counsel "'can constitutionally be forced to yield *only* when it will result in significant prejudice to the defendant himself or in a disruption of the orderly processes of justice unreasonable under the circumstances of the particular case.' The right to such counsel 'must be carefully weighed against other values of substantial importance, such as that seeking to ensure orderly and expeditious judicial administration, with a view toward an accommodation reasonable under the facts of the particular case.'" (*Courts*, at p. 790.)

Limitations on the right to continuances when linked to an assertion of the right to retained counsel are similarly circumscribed. (*Courts*, *supra*, 37 Cal.3d at p. 790.) The trial court has broad discretion to grant a continuance to permit a defendant to be

5

represented by a privately retained attorney. (*Ibid.*.; *People v. Jeffers* (1987) 188 Cal.App.3d 840, 850.) The trial court is afforded "wide latitude in balancing the right to counsel of choice against the needs of fairness, [citation] and against the demands of its calendar." (*United States v. Gonzalez-Lopez*, *supra*, 548 U.S. at p. 152.) "A continuance may be denied if the accused is 'unjustifiably dilatory' in obtaining counsel, or 'if he arbitrarily chooses to substitute counsel at the time of trial.'" (*Courts*, at pp. 790-791.) In deciding whether the trial court's denial of a continuance was so arbitrary as to deny due process, an appellate court "looks to the circumstances of each case, '"particularly in the reasons presented to the trial judge at the time the request [was] denied."'" (*Id.* at p. 791.)

It is Nevarez's burden on appeal to show "'an abuse of judicial discretion in the denial of his request for continuance to secure new counsel.'" (*People v. Jeffers*, *supra*, 188 Cal.App.3d at p. 850; accord, *People v. Rhines*, *supra*, 131 Cal.App.3d at p. 506.) The decision whether to grant a continuance for new counsel to prepare is also within the sound discretion of the trial court. (*Courts*, *supra*, 37 Cal.3d at p. 790; *People v. Blake* (1980) 105 Cal.App.3d 619, 623-624.) We review the trial court's ruling for abuse of discretion. (*Blake*, at p. 624.)

 2. *The Trial Court Acted Well Within Its Discretion When It Denied Nevarez's Request for a Continuance To Retain Private Counsel*

In *Courts*, *supra*, 37 Cal.3d 784, the Supreme Court held the trial court had abused its discretion when it denied a continuance to permit the defendant to be represented by an attorney who had been retained approximately one week before trial. (*Id.* at pp. 794-796.) The Supreme Court explained the defendant had conscientiously informed the trial court of his intention to be represented by private counsel weeks before trial was to begin (*id.* at pp. 791-792) and had been diligent in his effort to retain counsel, successfully completing the task about a week before trial, rather than at the last minute. (*Id.* at p. 794.) The Supreme Court emphasized the trial court "was not confronted with the 'uncertainties and contingencies' of an accused who simply wanted a continuance to *obtain* private counsel." (*Id.* at p. 791.)

6

Here, in contrast, when Nevarez made his first initial request for a continuance, he had not yet retained counsel; and trial was scheduled to begin in two days. Although Nevarez had apparently advised Khan that his family had recently raised the money to retain the Halpern firm, he told the court he was selling his truck to generate the needed funds. Not only was the source of the necessary sum in question but also Halpern had not spoken to Khan, let alone the court, to confirm he was prepared to substitute in as Nevarez's attorney. The trial court was thus confronted with substantial uncertainty whether the funds existed, or ever would exist, to enable Nevarez to retain private counsel. In addition, both the prosecutor and Khan had announced they were ready for trial.

"The condition of being 'financially able' for the purposes of employing counsel of choice must be limited to exclude those who cannot hire the services of chosen counsel at the time of the proceedings against him. To hold otherwise would be to encourage frivolous and unjustified delay in and misuse of the trial process." (*People v. Lefer* (1968) 264 Cal.App.2d 48, 50; see *United States v. Friedman* (D.C. Cir. 1988) 849 F.2d 1488, 1490 ["[o]ne of the express limitations upon the right to choose one's own attorney is that the defendant be 'financially able' to retain his counsel of choice"].) Nevarez had not demonstrated he was financially able to retain private counsel when he requested the two-week continuance. Due to the speculative nature of the request, the proximity of the trial date, set with no time waiver by Nevarez, and the readiness of both sides to proceed to trial, the trial court properly balanced the "orderly processes of justice," including the demands of its calendar, with Nevarez's right to counsel of his choosing and acted well within its discretion in denying Nevarez's request for a continuance to retain private counsel. (See *People v. Pigage* (2003) 112 Cal.App.4th 1359, 1367 [no abuse of discretion or denial of Sixth Amendment rights when no evidence defendant had attempted to retain counsel or had taken steps to secure funds to hire private counsel after several continuances over 15 months]; *People v. Blake*, *supra*, 105 Cal.App.3d at p. 624 [no abuse of discretion when trial court denied additional continuance after

commencement of trial; defendant had been granted several pretrial continuances and given numerous opportunities to hire an attorney of his own choice].)

### 3. *The Trial Court Acted Within Its Discretion When It Denied Nevarez's Motion for Substitution of Counsel*

A trial court faced with a request to substitute privately retained counsel for appointed counsel "must balance the defendant's interest in new counsel against the disruption, if any, flowing from the substitution." (*People v. Lara* (2001) 86 Cal.App.4th 139, 153.) As a general matter, a motion for substitution of counsel may be denied as untimely if made on the day of trial. (See *People v. Keshishian* (2008) 162 Cal.App.4th 425, 429; *People v. Turner* (1992) 7 Cal.App.4th 913, 919; *People v. Lau* (1986) 177 Cal.App.3d 473, 479.)

Nevarez was arrested on July 28, 2014 and had three months to secure private counsel before the October 30, 2014 trial date. He had been expressly advised by Khan following his arraignment that, if he wanted to substitute in new counsel, the retained attorney would have to appear by October 14, 2014, two weeks before the readiness conference. Despite that warning Nevarez failed to retain private counsel before his trial started and jury selection had begun. Moreover, although Halpern apparently knew Nevarez was interested in hiring him, he made no effort to contact the trial court prior to the start of trial and had even rejected the opportunity to begin to prepare prior to that time because he had yet received a retainer payment. When Halpern finally was retained and moved to substitute in as counsel, he was not ready to proceed and stated he would need more time.

Nevarez's motion to substitute privately retained counsel on the second day of voir dire was untimely. The court properly, if implicitly, balanced Nevarez's rights against the need for the orderly administration of justice. If the belated motion had been granted, the trial would have been delayed, disrupting the court's calendar and inconveniencing witnesses and prospective jurors. (See, e.g., *People v. Keshishian*, *supra*, 162 Cal.App.4th at p. 429 [no abuse of discretion when the trial court denied appellant's last-minute attempt to discharge counsel on the day set for trial]; *People v. Turner*, *supra*,

8

7 Cal.App.4th at p. 919 ["Defendant sought to replace his attorney on the day of trial. This meant that the request could not be granted without causing a significant disruption, i.e., a continuance with the attendant further inconvenience to witnesses and other participants."]; *People v. Lau*, *supra*, 177 Cal.App.3d at p. 479 [The motion for substitution of counsel "was made literally the moment jury selection was to begin. As evidenced by the court's comments . . . the timeliness, or lack thereof, of the request properly concerned the court."].) The trial court acted well within its discretion when it denied Nevarez's request for a motion to substitute privately retained counsel.

4. *Nevarez Was Improperly Awarded Excess Presentence Custody Credits*

The trial court awarded Nevarez 573 days of presentence custody credit, 287 days of actual custody and 286 days of good time/work time conduct credit. The Attorney General asserts, and Nevarez concedes, his conviction for second degree robbery, a violent felony (see § 667.5, subd. (c)(9)), limited his entitlement to conduct-based credits to no more than 15 percent of his actual custody credit. (§ 2933.1, subd. (a) ["[n]otwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue not more than 15 percent of worktime credit"].) Additionally, as both Nevarez and the Attorney General acknowledge, Nevarez had been in custody for 288 days, not 287 days, at the time he was sentenced. Accordingly, we modify the judgment to reflect 331 days of presentence custody credit, consisting of 288 days of actual custody credit and 43 days of conduct credits. (See *People v. Smith* (2001) 24 Cal.4th 849, 854; *People v. Scott* (1994) 9 Cal.4th 331, 354.)

**DISPOSITION**

The judgment is modified to reflect 331 days of presentence custody credit and, as modified, is affirmed. The superior court is directed to prepare and forward to the Department of Corrections and Rehabilitation a corrected abstract of judgment.


PERLUSS, P. J.


We concur:


ZELON, J.


SEGAL, J.

10