Filed 10/25/22  P. v. Hayes CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>CHRISTOPHER HAYES,<br><br>　　　Defendant and Appellant. | B316822<br><br>(Los Angeles County<br>Super. Ct. No. GA103984) |

　　　　APPEAL from an order and a judgment of the Superior Court of Los Angeles County, Jared D. Moses, Judge.  Affirmed with directions.

　　　　James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Jason Tran and Kristen J. Inberg, Deputy Attorneys General, for Plaintiff and Respondent.

────────────────────

A jury convicted Christopher Hayes of making criminal threats (Pen. Code,[1] § 422, subd. (a)) and of threatening a superior court judge (§ 76, subd. (a)).  On appeal, he challenges the trial court's order denying a continuance of his sentencing hearing to enable Hayes to substitute appointed counsel with retained counsel.  We conclude the trial court did not abuse its discretion in denying Hayes's motion and proceeding to sentence him.  We, however, agree with Hayes and the Attorney General that the sentencing minute order does not accurately reflect the court's oral pronouncement of sentence waiving court fines and assessments,  and we remand for the trial court to correct its minute order nunc pro tunc.

We thus affirm with directions.

## BACKGROUND

We summarize only those facts and proceedings pertinent to the issues on appeal.

On June 27, 2018, Hayes was in court for a hearing in a criminal case (No. BA468267) in which he was charged with battery on a custodial officer.  Hayes, who was restrained in a safety chair and attended by multiple sheriff's deputies, was represented by appointed counsel.  The trial court did not allow him to represent himself because, in another case, Hayes's pro per status had been revoked following repeated acts of misconduct including kicking a sheriff's deputy, kicking appointed trial counsel while attempting to perform a "citizen's arrest," spitting on another appointed counsel, and breaking free of his safety chair.  At the June 27 hearing, Hayes stated his

---

[1] All future statutory references are to the Penal Code.

2

preference to represent himself and disputed the court's power to appoint counsel.

The hearing ended when Hayes stated: "So you're violating my constitutional right to represent myself? [¶] All right, you better hope I never get out of jail because if I do I'm going to meet you in the parking lot, shove a double barrel shotgun up your ass and pull both triggers, you (unintelligible) piece of shit who force attorneys on innocent people and have attorneys convict innocent people." Following this outburst, Hayes was charged with making criminal threats in violation of section 422(a), and with threatening a state officer—in this case, the superior court judge—in violation of section 76(a).

A jury convicted Hayes on both counts on October 21, 2021; Hayes attended that trial in a safety chair. His sentencing was scheduled for December 3. On that morning, Hayes attended court with his appointed counsel, who moved unsuccessfully for a new trial on the ground of insufficiency of the evidence. The trial court denied that motion, finding that "the jury got it right" and that "[t]he evidence amply support[ed] the jury's verdict."

After the trial court denied the new trial motion, and before the court could pronounce sentence, Hayes informed the court that he wanted to make what he styled as a *Marsden*[2] motion. After the prosecutor left the courtroom, Hayes asked the court for permission to represent himself in order to file another new trial motion or, in the alternative, for permission to retain private counsel to replace his appointed lawyer. Hayes argued his current counsel was aware the disciplinary reports that had led to Hayes not being able to represent himself were false and his

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118.

3

attorney knew they were false, but that his attorney refused to conduct an investigation to prove they were false. He also complained his attorney refused to meet with him at the county jail. He stated, if allowed to represent himself, he would need a continuance of approximately 30 days to prepare a new trial motion.

Hayes next informed the court that, in the event it would not allow him to represent himself, (1) he had spoken to two unidentified attorneys who were interested in his case; (2) he believed he had the means to pay counsel using a combination of COVID-19 stimulus money and contributions from family members; and (3) if the court would continue his sentencing, he would decide which of the two unidentified attorneys to hire.

After hearing from Hayes, the court asked his counsel to respond. Counsel stated he did not want to say anything against Hayes when the court was about to pronounce sentence. In response to the court's questions, however, the attorney stated his representation of Hayes had been effective, pointing to an agreement he had negotiated whereby Hayes could have pleaded to a misdemeanor in exchange for time served, rather than go to trial and face a sentence of 25 years. The court also elicited that counsel had been practicing criminal law for over 40 years and had done a hundred felony jury trials.

The trial court first denied Hayes's motion to represent himself. The court reasoned the request was untimely and noted Hayes's history of disruptive in-court misconduct resulting in his no longer being permitted to represent himself in other matters. The trial court then denied Hayes's *Marsden* motion, based on counsel's responses to the court's questions at the December 3

4

hearing, as well as the court's observations of counsel's performance at trial.

Following the *Marsden* hearing, the prosecutor returned to the courtroom and Hayes's counsel requested a continuance so that Hayes could seek new counsel. The court denied that request: "Okay. That request will be denied. It's untimely. We've reached the point of sentencing. And we are going to go ahead with the sentencing. [¶] I received no notice of this prior to today. The verdict in this case was rendered on October 21st, verdicts, plural, so that's approximately a month and a half ago. There's been no motion to continue. There's been nothing brought to this Court's attention. [¶] And the fact that Mr. Hayes was offered a misdemeanor for credit time served when he's looking at 25-to-life and decided to turn that down and go to trial with his 25-to-life, with the fact he's already doing 48 years in prison, to me suggests, well, it suggests a variety of potential things. [¶] One might infer—and I'm not saying I'm inferring this—one might infer that this is simply a desire to prolong one's stay in county jail and avoid being sent off to the Department of Corrections and Rehabilitation. [¶] It looks like these cases, this case particularly, is dragging on and on and on for years now. [¶] And to simply be told in the middle of sentencing, in the middle of the hearing when the case is about to be resolved by way of sentencing, I want to continue this to hire a new lawyer, to me that is, the request is untimely. [¶] And it would interfere with the orderly administration of justice. And there's case law that talks about a defendant's ability and right to discharge a retained attorney, which Mr. Chaney is not retained. You're appointed on this case so it is a Marsden issue. But by analogy a defendant can fire a lawyer at any time they want and

5

seek to hire a new lawyer, but the limitation on that is that that request must not interfere with the orderly administration of justice. And I just find, as I said, this request is untimely. I'm not going to grant it, so let's move on."

The court proceeded to sentence Hayes to 25 years to life for making criminal threats, and four years in state prison for making threats against the judge in the prior matter. The court stayed the latter sentence pursuant to section 654, and ordered the 25-year-to-life sentence served consecutively with Hayes's exiting 48-year sentence in an unrelated matter. The court also found that Hayes was indigent and unable to pay court fees; accordingly, the court did not impose fines or court assessments; the minute order from December 3, 2021, however, includes a $40 court operations assessment, $30 criminal conviction assessment, $300 restitution fine, and parole revocation fine.[3]

## DISCUSSION

Hayes contends the trial court violated his Sixth Amendment right to counsel of his choice by denying his request for a continuance to obtain privately retained counsel.[4] He contends his request was timely because only six weeks had passed between his conviction and the date of his sentencing hearing, and that it was reasonable for him ultimately to decide to seek retained counsel after he had an opportunity to review his appointed trial counsel's new trial motion just two days before the scheduled sentencing hearing. He further contends that

---

[3] Hayes filed a timely appeal from the judgment.

[4] As set forth above, the trial court denied Hayes's motion to represent himself. Defendant does not challenge that denial on appeal, and we thus do not address it further.

6

granting his request for what he asserts would have been only a 30-day continuance[5] would not have unduly delayed or interfered with the orderly administration of justice because it would only take him a few days to decide which counsel to hire and he had the financial ability to pay counsel by obtaining funds from family and COVID-19 stimulus money.

We review the trial court's denial of the continuance to enable Hayes to obtain private counsel under the deferential abuse of discretion standard. (*People v. Jeffers* (1987) 188 Cal.App.3d 840, 850 [motion for continuance to retain new counsel]; *People v. Rhines* (1982) 131 Cal.App.3d 498, 506 [same].) "Under this state law standard, discretion is abused only when the court exceeds the bounds of reason, all circumstances being considered." (*People v. Beames* (2007) 40 Cal.4th 907, 920.) In determining whether the denial was so arbitrary as to violate due process, we look to the circumstances of each case, particularly the reasons presented to the court at the time the request was denied. (*People v. Courts* (1985) 37 Cal.3d 784, 791 (*Courts*); *Jeffers*, at p. 850.)

The right to the effective assistance of counsel "encompasses the right to retain counsel of one's own choosing." (*People v. Holland* (1978) 23 Cal.3d 77, 86, disapproved on another ground in *People v. Mendez* (1999) 19 Cal.4th 1084, 1092.) That right to defend with retained counsel "is not absolute: it must be carefully weighed against other values of substantial importance, such as that seeking to ensure orderly and expeditious judicial administration, with a view toward an accommodation reasonable under the facts of the particular case."

---

[5] See footnote 6, *post*.

7

(*People v. Byoune* (1966) 65 Cal.2d 345, 346 (*Byoune*).) As set forth in our discussion, the trial court specifically found that Hayes's request to continue his sentencing to retain new counsel was "untimely" and would "interfere with the orderly administration of justice." We conclude the trial court did not abuse its discretion in so finding.

"[A] defendant who desires to retain his own counsel is required to act with diligence and may not demand a continuance if he is unjustifiably dilatory . . . ." (*People v. Blake* (1980) 105 Cal.App.3d 619, 623–624). The trial court is generally "within its discretion to deny a last-minute motion for continuance to secure new counsel." (*People v. Keshishian* (2008) 162 Cal.App.4th 425, 429; see also *Byoune, supra*, 65 Cal.2d at p. 346; *People v. Johnson* (1970) 5 Cal.App.3d 851, 858–859 [defendant asserted his desire to retain private counsel on the first day of trial without any evidence of his efforts to obtain representation].) Here, six weeks had elapsed between Hayes's conviction and his sentencing, yet Hayes had not selected new counsel, much less determined whether counsel was available within a reasonable time frame.[6] Trial courts have greater latitude to deny a continuance when the prospect of retaining private counsel is "still quite speculative at the time the motion for continuance [is] made." (*Courts, supra*, 37 Cal.3d at p. 791, fn. 3.)

---

[6] Hayes's brief refers to a 30-day continuance, but that was the time that Hayes told the court he would need to prepare a new trial motion if he were permitted to represent himself. There is nothing in the record indicting that Hayes's prospective retained counsel could be ready within 30 days.

Hayes argues that the trial court abused its discretion because the continuance he requested would not have inconvenienced jurors or witnesses. This argument ignores the fact that the court had already scheduled the sentencing hearing with no notice that Hayes's wanted retained instead of his appointed counsel. Scheduling a hearing with Hayes present required significant additional resources and planning. Hayes had a history of disruption in prior cases- included threatening a judge, breaking free of his safety chair, kicking a sheriff's deputy, and kicking and spitting on appointed trial counsel. During the pendency of this case, Hayes struck a sheriff's deputy with a restraining chain, lit a fire in his cell, and, while being put in his safety chair to be brought to court, attacked a deputy with "some type of bodily fluids" and stabbed another in the hand. We conclude that given this history, the trial court did not abuse its discretion in finding that postponing the sentencing hearing would burden the orderly administration of justice. As the trial court noted when he passed sentence, Hayes "needs to be sent to state prison as quickly as humanly possible."

At oral argument, Hayes's counsel relied on *People v. Crovedi* (1966) 65 Cal.2d 199 (*Crovedi*), and *People v. Williams* (2021) 61 Cal.App.5th 627 (*Williams*) to argue the trial court erred in not continuing the sentencing hearing to allow Hayes to retain new counsel.

Briefly summarized, in *Crovedi,* a multi-defendant case, the court held the trial court violated the appellant-defendant's right to due process in not granting an additional continuance after appellant-defendant's retained counsel suffered a heart attack during trial, and appellant represented after the court granted a brief continuance, that he needed more time to retain counsel

9

with sufficient time to prepare for trial. Instead of granting the continuance, the trial court required the partner of defendant's initial counsel, who represented he was unprepared, nevertheless to proceed with trial. The *Crovedi* court drew a distinction between a defendant who needs to retain new counsel "when defendant is in no way responsible for the absence of his retained counsel" (*Crovedi*, *supra*, 65 Cal.2d at p. 207), and "a defendant whose actions imply a disposition to abuse the patience of the court through dilatory efforts to seek counsel" (*id.* at p. 208.)

In *Williams*, after the court denied the defendant's *Marsden* motion heard two weeks before trial due to the court's busy calendar, sought a continuance of the trial so that new counsel could be prepared for what even the prosecutor denominated was a complex trial. Retained counsel was present at that time and described her negotiations with defendant's mother to pay counsel's fee. The trial court denied the continuance as being too late given the age of the case. The appellate court held this denied the defendant's Sixth Amendment right to counsel of his choosing. (*Williams*, *supra*, 61 Cal.App.5th at pp. 643–644.) We fail to discern how either of these cases is even remotely analogous to the facts of the case before us. As explained above, the record amply supports a finding that continuing the trial would have been burdensome to the administration of justice and that Hayes's request to continue the trial was just another effort to delay his sentencing and disrupt court operations.

Also, unlike *Crovedi* and *Williams*, Hayes's representations about having retained counsel ready to file a second new trial motion and to address sentencing were conclusory at best. Hayes did not identify any counsel who was willing to represent him;

indeed, he told the court he had not yet decided which one of two unidentified counsel he wanted to represent him. A fortiori, Hayes did not proffer any declaration from an attorney stating he or she would be available and when to represent Hayes if the court granted Hayes's continuance and no such counsel was present at the sentencing hearing. The court thus could have disbelieved Hayes's unvarnished representations that Hayes would have new counsel available to represent him at a continued hearing at some unidentified date.

There also was a substantial question whether Hayes was financially able to retain private counsel. Hayes made his motion to discharge his appointed counsel at the same hearing when the court determined he was indigent, and therefore unable to pay court fines and assessments. The trial court did not have to credit Hayes's vague representations that he had COVID-19 stimulus money or contributions from unidentified family members to pay for unidentified retained counsel. The right to retain counsel of one's choice is limited to defendants who are " ' *financially able* to retain an attorney of [their] own choosing.' " (*Courts, supra*, 37 Cal.3d at p. 790, italics added.)

For all these reasons, we conclude the trial court did not abuse its discretion in denying Hayes's requested continuance or deprive him of his Sixth Amendment right to retained counsel.

**The December 3 Minute Order Regarding Court Assessments and Fines Does Not Reflect the Court's Oral Pronouncement Waiving Such Assessments and Fines**

The trial court found that Hayes was indigent, and on that basis, ordered during its oral pronouncement of sentence that Hayes not be required to pay court assessments and fines.

11

Although the abstract of judgment conforms to the sentence orally pronounced, the minute order from Hayes's sentencing states that Hayes was ordered to pay a $40 court operations assessment, $30 criminal conviction assessment, $300 restitution fine, and parole revocation fine. The Attorney General agrees that the minute order does not properly reflect the court's ruling and should be corrected to conform to the court's oral pronouncement of sentence. Accordingly, we remand for the trial court to issue nunc pro tunc an amended minute order not including the above-noted fines and court assessments.

## DISPOSITION

The order denying a continuance of the sentencing hearing to allow Christopher Hayes to bring in retained counsel is affirmed. The matter is remanded for the trial court to amend nunc pro tunc its December 3, 2021 minute order to delete payment of a $40 court operations assessment, $30 criminal conviction assessment, $300 restitution fine, and parole revocation fine. The judgment is affirmed.

NOT TO BE PUBLISHED.


                                        BENDIX, J.

We concur:


ROTHSCHILD, P. J.                BENKE, J.*

---

* Retired Associate Justice of the Court of Appeal, Fourth Appellate District, Division One, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

12