Filed 5/23/22  P. v. Best CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C092229 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF17-0000962) |
| v. | |
| DARIN GAVIN BEST, | |
| Defendant and Appellant. | |

Defendant Darin Gavin Best, represented by retained counsel, Mandeep Sidhu, pleaded no contest to robbery in the second degree and grand theft for a stipulated sentence of five years eight months.  Defendant failed to appear for sentencing.  After numerous continuances, a civil attorney appeared seeking to substitute in as counsel and to move to withdraw defendant's plea based on ineffective assistance of counsel.  The trial court denied substitution but granted another continuance.  At the next appearance, Sidhu stated defendant wanted to move to withdraw his plea based on Sidhu's ineffective assistance of counsel.  The court questioned defendant personally about the grounds for

1

the motion to withdraw the plea. The trial court ultimately denied defendant's request to substitute counsel and imposed the stipulated sentence.

On appeal, defendant asserts (1) the judgment must be reversed because the trial court denied him his right to counsel of his choice guaranteed by the Sixth Amendment and by his right to due process, (2) the trial court erred in failing to hold a *Marsden* hearing[1] when he requested new counsel, and (3) the trial court deprived him of his right to the effective assistance of counsel on his motion to withdraw his plea.

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 17, 2017, defendant took items from the Grange Co-Op by means of force while in the immediate presence of employees. On November 17, 2017, he took $1,232.48 worth of merchandise from a Target store. The operative amended information charged defendant with robbery in the second degree (Pen. Code, § 211; count 1)[2] based on the April incident and grand theft (§ 487, subd. (a); count 2) based on the November incident. The information also alleged an on-bail enhancement (§ 12022.1) and three prior prison term enhancements (§ 667.5, former subd. (b)). Attorney Norman Hansen was appointed to represent defendant.

On February 21, 2018, defendant failed to appear and the trial court found the failure willful. Hansen reported defendant had expressed an interest in retaining a private attorney. On August 27, 2018, following several additional appearances, Hansen again informed the court defendant was "looking into hiring another attorney . . . ." On October 12, 2018, after an in camera hearing, the trial court denied defendant's *Marsden* motion.

---

[1] *People v. Marsden* (1970) 2 Cal.3d 118.

[2] Undesignated statutory references are to the Penal Code.

At a trial readiness conference on October 19, 2018, Sidhu requested to substitute in as defendant's attorney. The court granted substitution and granted defendant's request for a continuance.

On February 1, 2019, defendant pleaded no contest to robbery in the second degree and grand theft for a stipulated sentence of five years eight months consisting of the upper term of five years on the robbery count and eight months, one-third the midterm, for grand theft. The trial court dismissed all enhancement allegations.

On March 18, 2019, the date set for sentencing, defendant was present and spoke with Sidhu. However, defendant then failed to appear at sentencing. The court found the failure to appear willful and issued a bench warrant.

On May 2, 2019, defendant appeared and the trial court ordered defendant to return on May 13, 2019, for sentencing. Over the next four months, the trial court ordered continuances on at least eight occasions. On the second of those occasions, June 3, 2019, the court ordered the continuance upon learning defendant had a stroke.

On October 7, 2019, the trial court again granted the defense a continuance. Sidhu informed the court defendant "intend[ed] to hire a private attorney to take over these cases and potentially file a motion to withdraw his plea in the matter that I represent him on."

On October 21, 2019, when the matter was again set for sentencing, Attorney Adam Marcotte made an oral motion to substitute in as defense counsel for the purpose of moving to withdraw defendant's plea. Defendant confirmed he wished to have Sidhu relieved. Marcotte stated: "I'm a civil attorney, but I have a particular skill with this matter because I've done professional liability for years, so this is essentially a competency of counsel issue. So I'm only going to be taking it for that portion because I'm doing it on pro bono and then handing it back off to the public defender after that." The court asked Marcotte what constituted good cause to continue the sentencing. Marcotte responded defendant "received ineffective assistance of counsel, Your Honor.

3

He was ill advised by counsel prior to signing the present plea agreement."  The court and attorneys then engaged in the following colloquy at the bench:

"THE COURT:  Okay.  So, Counsel, you're telling me that you're substituting in for purposes of attempting to withdraw the plea.  If that doesn't happen, you're telling me you're not prepared and capable to continue to do a criminal sentencing?

"MR. MARCOTTE:  Your Honor, I'm not versed in criminal law.  I'm a civil attorney.  I do professional liability defense primarily.

"THE COURT:  Okay.  Then the Court is not allowing the substitution.

"MR. MARCOTTE:  Well, then he would like to request additional time to find a proper attorney."

Subsequently, the following colloquy occurred:

"MR. MARCOTTE:  . . . [Defendant] is not happy with his sentence.  I know there was some communication between him and his attorney which you're not aware of at this point.  I'll say it if you want me to.

"THE COURT:  Counsel, we're on for sentencing.  You're telling me you want to specially come in to do a motion to withdraw.  If that's denied, then you said you're not prepared to go through with sentencing.  The D.A. is objecting to the continuance.  How would you like me to proceed?

"MR. MARCOTTE:  Well, the judge at the last hearing was aware of this.  Mr. Sidhu apparently discussed it with the Court and Mr. Hansen was going to step back in probably at trial . . . after the hearing on the limited issue which I was appearing for would be over.  So he's going to have to find a new attorney.  He's going to have to move to withdraw the plea.

"THE COURT:  That's if the Court allows another continued sentencing, Counsel.

"MR. MARCOTTE:  Yes, Your Honor, but there is good cause.  Good cause exists.

4

"THE COURT: Okay. Well, your request is denied. I have no written motion in front of me, and based on what you've stated so far, you're not prepared to substitute in to this criminal case and proceed on a stipulated five year eight month prison commitment. So thank you, Counsel. I'm done hearing your comments."

The trial court denied Marcotte's oral motion to substitute in. However, over the prosecution's objection, the court granted defendant's request for another continuance.

On November 8, 2019, Sidhu conveyed to the court defendant's request to have Sidhu relieved as counsel and to have an attorney appointed to represent him. Sidhu stated there was a potential conflict. Sidhu stated defendant's "wishes . . . would basically require me to file a motion to withdraw a plea based on my ineffective assistance of counsel." According to Sidhu, defendant "believed he was coerced into taking that offer, didn't believe that I did a sufficient job in explaining to him the consequences of his plea and also didn't advise him properly of what potentially could happen if he failed to appear at sentencing." The colloquy continued:

"THE COURT: Okay. [Defendant], is that accurate?

"THE DEFENDANT: Yes, sir.

"THE COURT: So why is this coming up now, some nine months after your entry of a plea in the case?

"MR. SIDHU: Well, he failed to appear, your Honor, so he --

"THE COURT: But he did. We've probably been here a dozen or more times since then.

"MR. SIDHU: Yes, your Honor, and the reason why we never proceeded to sentencing is because [defendant] brought these issues up as soon as he was back in custody. I've been dealing with that. . . .

"THE COURT: . . . [¶] So, Mr. Sidhu, the motion -- you think there's grounds for a motion to withdraw in addition to [defendant] substituting you out?

"MR. SIDHU: I didn't say that, your Honor.

5

"THE COURT:  Okay.

"MR. SIDHU:  But that's [defendant's] request.

"THE COURT:  Understood.

"MR. SIDHU:  That's what you want to do, correct?

"THE DEFENDANT:  Yeah.

"THE COURT:  Mr. Seraphin, the People's position?

"MR. SERAPHIN:  The People would request that the defendant be sentenced today.  As your Honor pointed out, it's been nine months.  There have been multiple delays in his sentencing.  At this point this appears to just be another delay tactic to avoid serving his five years and eight months prison sentence.

"THE COURT:  All right.  So, [defendant] what in particular do you believe you weren't properly advised on at the time of the entry of plea?

"THE DEFENDANT:  Your Honor, he gave me five minutes to make my decision and upon that he informed me that if I signed the deal that day that -- that if I did run, because I needed an extension on time, I was pressed for time because my mother passed away and I was trying to bury her with my father which were her last wishes -- if I signed the deal that day, I would only get eight more months consecutive on my sentence and so what ended up happening is I ended up failing to appear and now they are trying to give me two years and eight months.  I asked him to file a Romero Motion[3] earlier on and he never did.

"THE COURT:  Was there a strike alleged in this?

"THE DEFENDANT:  Yes.

"THE COURT:  But you didn't admit one as part of the plea deal?

"MR. SERAPHIN:  There's no admission to a strike.

---

[3] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

"THE COURT:  Okay.

"Okay.  Anything else . . . ?

"THE DEFENDANT:  No, your Honor."

As will be detailed, *post*, Sidhu further advocated for the appointment or substitution of counsel based on defendant's desire to move to withdraw his plea based on ineffective assistance of counsel.  The court concluded there was no good cause to warrant substitution of counsel.  As will also be set forth in greater detail *post*, the court concluded defendant had deliberately delayed sentencing over the course of many months, during which time he had not sought to withdraw his plea.  The court denied substitution and sentenced defendant to the stipulated term in accordance with the plea agreement.

DISCUSSION

I

*Defendant's Right to Counsel of His Choice*

Defendant asserts the judgment must be reversed because the trial court denied him his right to counsel of his choice guaranteed by the Sixth Amendment and by his right to due process.

"The right to retained counsel of choice is—subject to certain limitations— guaranteed under the Sixth Amendment to the federal Constitution.  [Citations.]" (*People v. Verdugo* (2010) 50 Cal.4th 263, 310-311 (*Verdugo*), citing *United States v. Gonzalez-Lopez* (2006) 548 U.S. 140, 144, 151-152.)  "In California, this right 'reflects not only a defendant's choice of a particular attorney, but also his decision to discharge an attorney whom he hired but no longer wishes to retain.' "  (*Verdugo*, at p. 311.)  In view of the importance of a defendant's right to counsel of choice, "trial courts are required to 'make all reasonable efforts to ensure that a defendant financially able to retain an attorney of his [or her] own choosing can be represented by that attorney.' " (*People v. Courts* (1985) 37 Cal.3d 784, 790 (*Courts*).)

7

"The right to discharge a retained attorney is, however, not absolute." (*Verdugo, supra*, 50 Cal.4th at p. 311.) "The trial court has discretion to 'deny such a motion if discharge will result in "significant prejudice" to the defendant [citation], or if it is not timely, i.e., if it will result in "disruption of the orderly processes of justice." ' " (*Ibid*.) " 'A continuance may be denied if the accused is "unjustifiably dilatory" in obtaining counsel, or "if he [or she] arbitrarily chooses to substitute counsel at the time of trial." [Citation.]' [Citation.] In deciding whether the trial court's denying a continuance was so arbitrary as to deny due process, this court 'looks to the circumstances of each case, " 'particularly in the reasons presented to the trial judge at the time the request [was] denied.' " ' " (*People v. Jeffers* (1987) 188 Cal.App.3d 840, 850, quoting *Courts, supra*, 37 Cal.3d at pp. 790-791.) "We review a trial court's denial of a request to discharge retained counsel for an abuse of discretion." (*People v. Lopez* (2018) 22 Cal.App.5th 40, 47.)

On October 21, 2019, Marcotte made his oral motion to substitute in as counsel for the purpose of moving to withdraw defendant's plea. This request was made not on the eve of trial but on the date set for sentencing. The trial court continued sentencing to November 8, 2019. Thus, it was also on a date set for sentencing when Sidhu conveyed to the court defendant's request to have Sidhu relieved as counsel. Where a defendant requests a continuance to substitute counsel on the eve of trial, the day of trial, or the second day of trial, the lateness of the request has been found to be a "significant factor which justified a denial where there were no compelling circumstances to the contrary." (*Courts, supra*, 37 Cal.3d at p. 792, fn. 4.) A trial court generally acts within its discretion in denying "a last-minute motion for continuance to secure new counsel." (*People v. Keshishian* (2008) 162 Cal.App.4th 425, 429.) Defendant's requests were indeed belated, both coming on dates set for sentencing.

Defendant's requests also came after numerous delays in his case. To be sure, defendant cannot be faulted for some of these delays, including continuances occasioned

8

by the fact that he suffered a stroke. However, several delays were caused by circumstances well within defendant's control. On February 21, 2018, almost a year prior to the entry of his plea, defendant willfully failed to appear. On the original sentencing date, defendant again willfully failed to appear notwithstanding the fact he had met with Sidhu at the court prior to the time set for sentencing and elected to abscond rather than appear and be sentenced. On May 2, 2019, the trial court set the matter for sentencing and then ordered continuances on at least eight occasions. While several of these continuances may have resulted from defendant's medical circumstances, on none of these dates did defendant's representative convey his request for a change in representation or express defendant's desire to withdraw his plea. It was not until October 7, 2019, almost one year after Sidhu substituted in, eight months after defendant entered his plea, and more than six months after the original date set for sentencing, that Sidhu indicated defendant intended to hire a private attorney. As noted, a "continuance may be denied if the accused is 'unjustifiably dilatory' in obtaining counsel . . . ." (*Courts, supra*, 37 Cal.3d at pp. 790-791.)

The trial court expressly found defendant had engaged in deliberately dilatory behavior: "[Defendant] has been engaged in a long-term program of delaying this sentencing date for as long as he possibly can, including a representation that he was actually here on the original date of sentencing and subsequently left to avoid receiving the sentence that he had stipulated to." The court concluded: "this matter has been continued at least a dozen times due to medical issues and other things. Not once in the record is it represented that [defendant] believed he had grounds for a motion to withdraw. If he believed he had those grounds, he should have made that request months ago rather than waiting until this morning's hearing, again, with the purpose of delaying this action further. The delay has gone on long enough."

Additionally, a continuance may be properly denied where involvement of a particular private attorney is "still quite speculative at the time the motion for

9

continuance [i]s made." (*Courts, supra*, 37 Cal.3d at p. 791, fn. 3.) On October 7, 2019, Sidhu informed the court defendant "intend[ed] to hire a private attorney to take over these cases and potentially file a motion to withdraw his plea . . . ." Two weeks later, Marcotte appeared and made an oral motion to substitute in as defense counsel for the purpose of moving to withdraw defendant's plea. However, Marcotte was a civil attorney who acknowledged he would not be competent to proceed in the event the trial court denied the motion to withdraw defendant's plea because he was not versed in criminal law. Marcotte then stated defendant wished to request additional time to find "a proper attorney." Marcotte later stated that, if a continuance was granted, defendant would "have to find a new attorney. He's going to have to move to withdraw the plea." Over the prosecution's objection, the court granted another continuance. On November 8, 2019, the date set for sentencing, Sidhu conveyed defendant's request to have Sidhu relieved as counsel and to have an attorney appointed to represent him. Neither Sidhu nor defendant personally offered any more concrete plan for the substitution of another attorney. There was no indication defendant had secured the agreement of private counsel to represent him. Nor did he offer any time frame within which he could obtain new representation. It is not entirely clear whether he wished to seek a different retained attorney or if he hoped to transition to appointed counsel.

Defendant asserts his case is "parallel" to *People v. Williams* (2021) 61 Cal.App.5th 627, in which the appellate court concluded the trial court violated the defendant's right to counsel by denying his request to be represented by counsel of his choice. (*Id*. at p. 632.) We disagree. In *Williams*, the defendant was charged with murder. (*Id*. at pp. 632, 633.) His request for substitution of counsel was denied on the day trial was to commence. (*Id*. at p. 633.) Very much unlike the circumstances here, the Court of Appeal concluded there was "no evidence that Williams's motion represented an effort to cause delay . . . ." (*Id*. at p. 650, fn. omitted.) Nor was there "any other evidence in the record that Williams's actions during any of the *prior* proceedings in the

10

case reflected an intent to delay the proceedings." (*Id*. at p. 650, fn. 15.) Williams's attorney reported " '*grave concerns* with going forward with this trial when there is an attorney who can step in as his trial counsel.' " (*Id*. at p. 651.) Williams had an attorney, Collins, lined up who had been contacted by his mother at least a month prior to trial and Williams's mother "had undertaken significant efforts to secure" Collins's representation. (*Ibid*.) These circumstances stand in sharp contrast to defendant's, where, among other things, he had agreed to a term of less than six years in prison for robbery and grand theft; he willfully failed to appear for sentencing; and the trial court expressly found he had engaged in dilatory conduct, a finding supported by the record. Unlike the circumstances in *Williams*, where Collins was a highly experienced criminal defense attorney (*id*. at p. 645 & fn. 12), Marcotte was a civil attorney, by his own admission not competent to represent defendant in any capacity beyond advancing a motion to withdraw defendant's plea, and he acknowledged he was unable to represent defendant in the event that motion was denied. As for the day defendant was sentenced, there was no attorney identified as ready and able to substitute in.

We conclude the trial court did not abuse its discretion and deprive defendant of his right to counsel of his choice in denying his requests to substitute counsel or to grant a continuance.

## II

### *Trial Court's Failure to Hold a* Marsden *Hearing*

Defendant asserts the judgment must be reversed because the trial court failed to conduct a *Marsden* hearing when he requested new counsel. Defendant asserts that, under *Marsden*, when his counsel informed the court he was seeking a substitute attorney, the court was required to conduct an in camera hearing. We agree with the Attorney General that the trial court had no duty to conduct a *Marsden* hearing.

*Marsden* "mandates a court hearing to determine whether a defendant's *appointed counsel* offers constitutionally inadequate representation when defendant requests

11

substitution of *appointed counsel*." (*People v. Lara* (2001) 86 Cal.App.4th 139, 150, italics added.) A *Marsden* motion and hearing is not the appropriate vehicle in which to consider a defendant's complaints against his retained counsel. (See, e.g., *Lara,* at p. 155.) Here, defendant was represented by retained counsel in Sidhu, not appointed counsel. Contrary to defendant's contentions, at no point did the trial court err by failing to hold a *Marsden* hearing concerning his desire to substitute a different attorney for Sidhu.

A defendant has the right to discharge retained counsel, but, as discussed in part I, *ante*, that right is not absolute. (*Verdugo, supra*, 50 Cal.4th at p. 311.) We have already rejected defendant's contentions concerning whether the trial court abused its discretion in denying his requests for substitute counsel and/or for a continuance to retain substitute counsel. We need not reprise that discussion here.

In addition to the instances where Marcotte appeared and at defendant's sentencing, defendant cites October 7, 2019, as the first occasion on which he informed the court he wanted new counsel and asserts the trial court was then obligated to conduct a *Marsden* hearing. However, at that time, Sidhu informed the court that defendant "intend[ed] to hire a private attorney to take over these cases and potentially file a motion to withdraw his plea . . . ." Defendant's retained attorney informing the court that defendant intended to hire a different retained attorney did not give rise to an obligation under *Marsden*. (See *People v. Lara, supra*, 86 Cal.App.4th at p. 155.)

III

*Right to Representation on Motion to Withdraw No Contest Plea*

Defendant asserts the trial court violated his constitutional right to the effective assistance of counsel at every critical stage because he lacked the effective assistance of

counsel on his motion to withdraw his plea.**4** Specifically, he asserts his right to the effective assistance of counsel was violated when the trial court elected to elicit his reasons for seeking to withdraw his plea directly from him without the assistance of counsel.

"A criminal defendant has a constitutional right to the assistance of counsel." (*People v. Cudjo* (1993) 6 Cal.4th 585, 615, citing U.S. Const., 6th & 14th Amends. & Cal. Const., art. I, § 15.)  "This right to counsel extends to every critical stage of the proceeding" (*Cudjo*, at p. 615), including a motion to withdraw a plea (*People v. Brown* (1986) 179 Cal.App.3d 207, 214 (*Brown*)).  With regard to seeking to withdraw a plea, as relevant here, "[o]n application of the defendant at any time before judgment . . . , the court may . . . for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." (§ 1018.)

In support of his ineffective assistance of counsel claim, defendant principally relies on *Brown, supra*, 179 Cal.App.3d 207.  In *Brown*, defense counsel informed the trial court that the defendant wanted to withdraw his plea, but she refused to make the motion, opining there was no legal basis supporting it.  (*Id*. at pp. 211, 213.)  However, she also indicated the defendant wished to address the court.  (*Ibid*.)  Defendant did so, offering grounds for seeking to withdraw his plea.  (*Id*. at pp. 211-212.)  The trial court denied defendant's request for substitute counsel and denied his motion to withdraw his plea.  (*Id*. at p. 213.)  The appellate court concluded the defendant was deprived of his right to make an effective motion to withdraw his plea with the assistance of counsel. (*Ibid*.)  The court emphasized that "the attorney of record has the exclusive right to appear in court for his or her client and to control the court proceedings, so that neither

---

**4** Defendant does not separately assert the trial court abused its discretion in denying his motion to withdraw his plea.

the party himself nor another attorney can be recognized by the court in the conduct or disposition of the case." (*Ibid.*) The court stated the trial court improperly permitted the defendant to "bring his motion in pro. per. while he was still represented by counsel and he had not waived his right to counsel." (*Id.* at pp. 214-215.) The court concluded the defendant "was entitled to have the motion presented to the court by his attorney of record" (*id.* at p. 215), and defense counsel was required to present the motion to withdraw unless the motion "in counsel's good faith opinion, is frivolous or when to do so would compromise accepted ethical standards" (*id.* at p. 216).

There are similarities between *Brown* and defendant's circumstances. However, *People v. Garcia* (1991) 227 Cal.App.3d 1369 (*Garcia*), disapproved on another ground in *People v. Smith* (1993) 6 Cal.4th 684, 694, 696 (*Smith*), sheds further light on the matter. In *Garcia*, the court addressed the situation where the basis for the motion to withdraw the plea was ineffective assistance of counsel. The court stated that, where "the gravamen of the motion for withdrawal rest[s] on allegations which are properly characterized as claims of ineffective representation," "there should be a limited exception to the general rule articulated in *Brown*. To hold otherwise would place the attorney in an intolerable position, requiring him to assert his own incompetence and thereby creating a conflict of interest between the client's interests and that of the attorney." (*Garcia*, at p. 1377.) Therefore, where a defendant "seeks to withdraw a plea on the ground that his attorney of record has not provided adequate representation, . . . the trial court should follow a procedure comparable to that specified in *People v. Stewart* (1985) 171 Cal.App.3d 388, 395-397[, disapproved on another ground in *Smith*, at pp. 694, 696]. The trial court should first elicit and consider the defendant's reasons for believing he has been ineffectively represented, making such inquiries of the defendant and trial counsel as appear necessary in open court or, if the trial court deems necessary, at an in camera hearing. [Citation.] If the defendant 'presents a colorable claim that he was ineffectively represented,' the trial court should appoint new counsel 'to fully

14

investigate and present the motion.' [Citation.] A defendant presents a colorable claim when he 'credibly establishes to the satisfaction of the court the possibility that trial counsel failed to perform with reasonable diligence and that, as a result, a determination more favorable to the defendant might have resulted in the absence of counsel's failings.' [Citation.] If the defendant does not present a colorable claim, the court may deny the motion without providing for new counsel."[5] (*Ibid.*, fn. omitted.)

Here, the basis for defendant's motion to withdraw his plea was his claim that Sidhu provided ineffective assistance. Under the procedure outlined in *Garcia*, it was not improper for the trial court to explore the nature of defendant's claims with defendant personally in determining whether there was a colorable basis for defendant's motion. The fact that the court discussed the matter with defendant, rather than his attorney, does not establish defendant was denied representation on his motion to withdraw. (See *Garcia, supra*, 227 Cal.App.3d at p. 1377.) Defendant's contention to the contrary is without merit.

Moreover, unlike the circumstances in *Brown*, defendant's attorney did not refuse to advance defendant's motion. Sidhu stated defendant's "wishes . . . would basically

---

[5] In *Smith*, the Supreme Court disapproved of both *Garcia* and *People v. Stewart* to the extent they suggested that, on a posttrial or postplea motion for substitution of counsel, a defendant has a reduced burden as compared to that applicable in a pretrial or preplea substitution motion. (*Smith, supra*, 6 Cal.4th at pp. 691-696.) The Supreme Court held: "substitute counsel should be appointed when, and only when, necessary under the *Marsden* standard, that is whenever, in the exercise of its discretion, the court finds that the defendant has shown that a failure to replace the appointed attorney would substantially impair the right to assistance of counsel [citation], or, stated slightly differently, if the record shows that the first appointed attorney is not providing adequate representation or that the defendant and the attorney have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result [citation]. This is true *whenever* the motion for substitute counsel is made. There is no shifting standard for the trial court to apply, depending upon when the motion is made." (*Id*. at p. 696.)

15

require me to file a motion to withdraw a plea based on my ineffective assistance of counsel." Sidhu then articulated defendant's argument: "he believed he was coerced into taking that offer, didn't believe that I did a sufficient job in explaining to him the consequences of his plea and also didn't advise him properly of what potentially could happen if he failed to appear at sentencing." When asked if he thought there were grounds for the motion, Sidhu responded only, "I didn't say that your Honor." (See *Brown, supra*, 179 Cal.App.3d at p. 216 [defense counsel required to present motion to withdraw unless the motion "in counsel's good faith opinion, is frivolous or when to do so would compromise accepted ethical standards"].) However, Sidhu both articulated the nature of defendant's motion and subsequently stated: "I believe in protecting [defendant's] rights here to proceed to sentencing . . . when he's explaining that he believes he has a legal cause to continue the sentencing and file a motion to withdraw the plea, I think that might create a problem. I think . . . if he wants to make a motion to withdraw his plea, . . . he's going to need to be appointed an attorney that can do that for him or do it on his own and that would be good cause for a continuance." Unlike *Brown*, defense counsel here did not flatly refuse to assert defendant's motion, did not affirmatively opine the motion had no legal basis, and conveyed to the court the nature of defendant's claims.

As for whether defendant made a " 'colorable claim' " (*Garcia, supra*, 227 Cal.App.3d at p. 1377), defendant first asserted "he gave me five minutes to make my decision . . . ." However, during the plea proceedings, the court asked if defendant had enough time to speak with Sidhu about the plea and defendant responded that he had. Asked if he had any questions before entering his plea, defendant responded that he did not. Moreover, after the entry of defendant's plea on February 1, 2019, there is no suggestion in the record, until sentencing on November 8, 2019, that defendant was claiming Sidhu or the court did not afford him sufficient time to make a decision about

16

his plea. Defendant's contention is unsupported by the record and, in fact, belied by defendant's statements at the plea proceedings.

Defendant further claimed Sidhu told him if he signed the plea agreement and then "r[a]n," he "would only get eight more months consecutive on [his] sentence . . . ." We agree with the Attorney General that this representation—that Sidhu advised defendant he could willfully fail to appear for sentencing and that, if he did so, he would only get eight months—strains credulity. More to the point, even if we were to accept defendant's representation, Sidhu's advice on a separately charged failure to appear is unrelated to his representation of defendant in entering his no contest plea in this case. Furthermore, defendant stated in plea proceedings that, other than what had been discussed in open court, no one "promised [him] anything to get [him] to enter these pleas . . . ." He initialed similar representations on the plea form.

Lastly, defendant asserted he had asked Sidhu to file a *Romero* motion and he never did. However, defendant did not admit to a prior strike as part of the plea agreement. Other than the two substantive counts to which defendant pleaded no contest, the remainder of the amended information's allegations were dismissed. Even if Sidhu failed to file a *Romero* motion, this omission had no effect on his representation of defendant in the entry of defendant's no contest plea.

None of the grounds advanced by defendant suggested Sidhu failed to perform with reasonable diligence and that a determination more favorable to defendant might have resulted in the absence of such failings. (See *Garcia, supra*, 227 Cal.App.3d at p. 1377.) Defendant did not advance a " 'colorable claim,' " and the trial court did not err in denying defendant's motion without allowing for new counsel. (*Ibid*.; see *Smith, supra*, 6 Cal.4th at p. 696 [articulating *Marsden* standard][6].)

---

[6] See footnote 5, *ante*.

## DISPOSITION

The judgment is affirmed.

  /s/                          
HOCH, J.

We concur:

  /s/                          
MAURO, Acting P. J.

  /s/                          
KRAUSE, J.